We'll now hear argument in Morton v. County of Erie. May it please the Court, Jeremy Colby on behalf of Plaintiff Appellant Ted Morton who is a former Erie County legislator. This morning I'm here to discuss this case which involves procedural due process and the standard for procedural due process. It's a relatively low standard but it's a very important standard because it's really all that stands between individuals and the unbridled or essentially unlimited power of the government. It's a time-tested standard and it really should be treated by this Court as rock-solid granite. It should not be lowered any further. It's already a relatively low standard to provide somebody notice of an action or charges against them, an opportunity to respond to those charges. How is he denied notice and how is he denied an opportunity to respond? It seems to me he did respond after he learned of the situation. He actually modified his filing and so that was a response. And also he became aware of the situation early on. I guess it was reported in the paper first and then thereafter he was notified of the situation in general terms. It wasn't a formal proceeding or formal notice but he had actual notice. Well he had actual notice of what? I mean it's interesting. So Your Honor had referred to it several times as a situation. Well he had actual notice enough to refile, to correct the problem. Correct. And he filed a curative statement. That to me indicates that he knew what the problem was. Well but I think again the question of notice is notice of what? And that's what I'm talking about. It's very important not to water down the standard. And I think under the case law it's notice of either charges or an action. And what that does is when somebody has notice of an action it gives them an opportunity to go and actually go find the charges or the instrument, the charging instrument. It's typically going to be a document that informs the individual. What you're saying is something like by analogy the board here proceeded directly from a subpoena to a sentence. That they asked him for information. He provides the information and then they said okay well you're guilty and here's the penalty. I think that's exactly it. And you're saying that there should have been an intermediate stage where after he submitted the information they said something like well based on what you're saying we think you're guilty of intentionally violating this particular regulation. What do you have to say about that now? So that he could focus on the nature of the specific charge. I agree exactly. And the letter if I can just briefly quote from the letter. The letter that the only document that the court below relied on in providing notice and she also indicated that the board had verbally reached out to this individual's legislative aides or third party. But even that preceded the letter and really should have been taken up in the letter. But the board said quote the board takes no position at this time with respect to accepting any revised form and whether any violations of the code of ethics exist. And they asked him for additional information. And to me this says give us some information. Convince us that we shouldn't. Dissuade us from filing charges. Convince us that we shouldn't is getting a lot closer to notice of some kind of violation. But so all right I'm sympathetic to that argument at least in the abstract. But what I'm puzzled about is what is it that you would have us tell the board to do. If there is suppose there was a violation of the notice requirement here. The remedy is we tell them give him formal notice and let him put on his defense to the charge. Is that the idea? That's correct. But now my problem is that what's going to happen next after that is not necessarily an evidentiary hearing. Right? If he's given the opportunity to submit something in writing as to why he's not guilty of this charge that would be sufficient. Correct. But hasn't he already had that at the stage of the re-argument motion? In other words, after they and this may not be the ideal procedure. But after they notified him that he's guilty in their view and has to pay $500. He then makes a written submission directed to that charge and they deny it. What's going to happen the next time around? He's going to submit the same written submission, but this time they're going to consider it differently? Well, I mean, Frank, I think it's akin to, you know, a motion at a district court. You know, it's much. You're saying the motion for reconsideration doesn't count in terms of notice? I do. I do. It should not be considered because it's different. It's much harder, you know, when you're going to a tribunal when you've been charged with X and saying I'm not guilty of X because, as opposed to we found you guilty of X and then trying to convince them that, oh, well, you were wrong. I'm not guilty of X. I mean, I think it's a much different situation. If it's different psychologically, isn't that true still? That they already decided he was guilty and now they're going to have to redo it? If the question is just they're already sort of predisposed to find him guilty, we're not going to fix that. Is there a formal difference anywhere in regulations that a motion to reconsider can't be granted unless it's based on new information or based on we overlooked something in the record and it's not really a plenary review or something? Here there was no record, right? I mean, the record here was we take no position as to whether or not you violated the ethics code, give us some information, and we'll consider whether we're going to accept the amended form. Well, there's a motion for reconsideration record. Yes. So that's correct. That's correct. And, again, I think it waters down.  It's going to be the same record again on your – if we grant the remedy that you're requesting. Well, with all due respect, he'd be provided a written charge, and he has counsel, and he would be able to respond to that written charge. He had no idea, you know, what they were necessarily going to do, what part of the ethics code they were going to – Did he have counsel and know what provision was in the ethics code at the time that he was alleged to have violated at the time he filed the motion to reconsider? He did not have counsel. I would retain later he had – in the record it shows that he had counsel, but that was for a prior FINRA matter. That was half of Judge Lynch's question. What about his knowledge of the ethics requirement? His knowledge of the ethics requirement. Well, I mean, he's – okay, he's a county legislator. He's aware of this local law and that he has to file a form disclosing certain things, but he made an, you know, unintentional inadvertent error that he disclosed debts existing as of May of 14 when he filed the form as opposed to December of 13. And – Was that always understood that his error was unintentional? I mean, it benefited him to file, to make the filing as of the second date, right? Because he cleared up a lot of his debts. Yeah, and that's what those – It was a higher debt picture at the end of the previous year. Correct. Correct. And he did – Maybe he deliberately put it off and used that second date so that he could report a lower amount of debt. Well, I don't know that you can – I mean, there's nothing to that effect in the record. And the only thing in the record is that it was inadvertent. And so, again, with respect to his, you know, awareness of the ethics law, I mean, the ethics law has a number of issues as well. And there, you know, some of the things I talked about are the mens rea. The state statute has one mens rea, which is very high. The local law adopted a mens rea that's a little bit lower. And the one that was applied here was even lower than that. They said, to the extent that you knew or should have known. I mean, what kind of – A real question, and it comes up in Matthews and subsequent cases, as to whether or not there's really a risk of erroneous deprivation here, and that that's what we ought to be looking for, as well as the interest involved, the government's interest and the private interest. Sure, and I'm about to be out of time. Can I address that? Yes, you can. Okay. So with respect to Matthews and the risk of erroneous deprivation here, you know, where a party has not provided a set of charges indicating what they're accused of, I think that, you know, then they have to sort of speculate or guess as to what it is that they have to address. And they can flail about and address all kinds of things, and not what the tribunal has in mind. What you're asking for is that, as would be true if the police pulled you over for speeding, he'd be given a ticket with a charge on it, and then he could respond to that. Well, I think that's a quintessential example of the procedural due process that's required. But here the board itself has a whole set of regulations. And I'm not necessarily saying that all those rules and regulations that they define are required under federal procedural due process. But where you have a state board that says, here's what an action looks like, we're going to docket it, we're going to give you the rules, we're going to, you know, provide an investigative report, and where they do none of that and say we're taking no position as to whether or not you violated it, and then they say, oh, by the way, you violated it, I think we skipped a lot. And I think that's a very dangerous precedent to set. I wanted to ask you a very quick question about the state law claims. You had originally, I think, in the complaint included negligence and defamation claims, I think, right? I believe those were included. No, those are not on appeal. Those are correct. That's correct. Those are not. The district court dismissed state law claims, declined to exercise supplemental jurisdiction. That's correct. So what are the state law claims left? Well, I don't know that it's a state law claim so much as an interpretation of state law. So general municipal law has various provisions. You're challenging this law as ultra-virus and invalid and unenforceable, I think is what you're saying. The local law, correct. I think that it's a palpably improper law for a number of reasons. So just briefly, the general municipal law has a provision that basically permits local municipalities to adopt these ethics, you know, reporting regimes, and it has a certain mens rea. That's a violation of state law. The ethics, so what are you saying? The local law violates state law? The local law violates state law, and even so, it violates its own law. And I think where you have such a mess, I think it, you know, basically it's kind of a totality argument that when you add that on top of all these other problems and then you're trying to enforce this law, which itself has questions and a checkered history, I think that, you know, adds to the procedural due process problem here. All right. You've reserved a minute. Mr. Colby, we'll hear now from Mr. Spitzer. Thank you, Your Honors. Good morning. May it please the Honorable Court, Daniel Spitzer on behalf of the county and its ethics board. Let's set aside these nomenclature gymnastics about actions and proceedings. This ethics body's jurisdiction was triggered not when it got the complaint, not when it was in the Buffalo News, which Mr. Morton put in the Buffalo News before he filed his amended return. When Mr. Morton filed an amended return, the board's jurisdiction was triggered. Just as if I sent in an amended return to the IRS, I can't complain three months later when I get an additional penalty, hey, I didn't know you were going to do that. I triggered it. Mr. Morton triggered it in this case. The board then took that jurisdiction under the law. Mr. Morton is well aware of the law, not only because he's a county legislator, but because he has to fill out a form. Well, the section of the law after the form is the section on penalties. So he's well aware of this law. This is the third year he's filing this form. And the question that's before this court solely is, given that he triggered this action by the board, given that he triggered its jurisdiction, was he afforded the due process that was due? Not what the law required because we assumed that they did what they did and he's claiming they didn't follow their forms or the rules. The question that the lower court looked at was, was the process provided adequate under the Constitution given the pre-deprivation issues and given the post-deprivation remedy? And while the post-deprivation remedy, both sides agree, is not an automatic out here, it is if you look at it in terms of, A, he himself filed the notice and therefore was aware. B, they went to his office to talk to him and they said, among other things, if you have questions, call us. He never did. They sent him a letter saying, look, we're looking into what you sent us. Give us some additional information about it. They also said, and there's a lot made of this in the papers, we're not making any prejudgments. We're not saying at this time whether there exists any violation. One would hope that any quasi-judicial body would take that role. I know this court has not prejudged this case and nor should any body do so. What they said was, we're not saying that you violated the law. We're saying we want more information. They certainly didn't say they weren't investigating it. They certainly weren't saying anything else. They then issued their decision in January that said, based on our investigation, based on what you filed and the evidence that you gave us, the complete record, we find that there was a violation and therefore are assessing a $500 penalty. The pre-deprivation remedies then stopped there, though, that he had a right to reconsideration. And in February, he filed with assistance of the counsel a reconsideration. He notices again that had he simply asked one of his colleagues, the mistake would have been caught. He files again. The board says, no, we're going to stick by our determination. He files another reconsideration and a third reconsideration and chooses not to file up with his post-deprivation remedy. Let's set aside the issue for a moment of whether there's even been a deprivation because under the Pearson case, he's never paid the $500 and we've never tried to collect it. So I'm not even sure there's been a deprivation here. But certainly you have incident after incident after incident. And we're told, oh, well, if we had a hearing or if we had notice. But as Your Honor points out, it wouldn't have changed the record at all. It's exactly the record that was in front of them. That's my comments on the due process portion of this. I'll move on to the state law section related to this unless you have questions. He suggests that the state law, if it was thrown out, would somehow create a procedural due process. There are numerous cases that are pointed out by this court that, in fact, if, in fact, the state official doesn't follow the state rules, that does not rise to a level of a due process violation. If it does, every time a police officer incorrectly gives a police ticket, they're going to be here in front of you. It's simply not the case. And what he's trying to say is, well, they followed the wrong mens rea. That's not true. Every municipality, it's Highland Park law, municipal law. Admittedly, I do municipal law for a living. But municipalities have a right to have in their local laws tougher standards. In this case, a tougher mens rea, a higher duty on its officials. Think about when you drive on New York City streets. State law is, on a local street, 30 miles per hour. But in New York City, it was lowered recently to 25 miles an hour. That's the kind of thing a municipality can do. They have a right to have a tougher mens rea. And he certainly does not cite any case. But let's assume he's right. Let's assume the state law is absolutely void. It doesn't matter in terms of the due process, because he was given all the process that was due, and therefore they comported with the due process claim. And what the court below said was, we find that there was no violation of due process. We find that you were afforded the pre-deprivation and post-deprivation remedies required by the Constitution. Therefore, there was no state law claim left. It was because she had no federal jurisdiction at that point, and she dismissed the state law claims. But she didn't just ignore the issue. She looked at our brief and said it doesn't matter because federal courts are not the policemen and policewomen of local state and state officials when they're following local and state laws. Therefore, there was no reason to look at that issue. May I answer any questions for the court? Otherwise, I'll set a precedent for today and conclude early. All right. Thanks. Thank you, Your Honor. I appreciate your time. Thank you. I just want to briefly correct. My learned brother had indicated that this was the third form he had filed. That's not correct. This was actually the first form he had filed. He was a recently elected legislator, you know, nonetheless. But, again, I think it's important here just to focus on, you know, the district court analyzed the December letter and its motion to dismiss and it analyzed it again on summary judgment. And I think it got it right the first time. You know, the judge had indicated that she would be hard-pressed to find any notice of charges or anything else in there that would put Mr. Morton on notice as to what was being claimed against him. And there was really no discussion by the court as to why it changed its analysis of that December letter. I didn't see anything in the county's brief, and I think the court got it right the first time that this court ought to adopt that analysis. Thank you. Thank you very much, Mr. Colby. Thank you, Mr. Spitzer. We'll reserve the decision.